UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CELIA A. CLARK, | ) | Civil Action No.: 4:22-cv-03688-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| -vs- | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for SSI on September 30, 2019. (Tr. 21). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in February 2021, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 21). The Administrative Law Judge (ALJ) issued an unfavorable decision on July 29, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 21-32). Plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied the request for review. (Tr. 5-7). In October 2022, Plaintiff filed this action. (ECF No. 1).

**B.      Plaintiff's Background and Medical History**

Plaintiff was born in January 1968 and was fifty-one years old at the time of the application date. (Tr. 30). Plaintiff has no past work. (Tr. 30). Plaintiff alleges disability originally due to stroke, back pain, breast cancer, high blood pressure, high cholesterol, asthma, and allergies. (Tr. 63). Relevant records will be addressed under the pertinent issue headings.

**C.      The ALJ's Decision**

In the decision of July 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 21-32):

1. The claimant has not engaged in substantial gainful activity since September 30, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: cerebral vascular accident (CVA), lumbar and thoracic degenerative disc disease, Chronic Obstructive Pulmonary Disease (COPD)/asthma, and diabetes mellitus (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can frequently balance, and occasionally stoop and climb ramps and stairs, but never kneel, crouch, crawl, or climb ladders, ropes or scaffolds. She should be able to make position changes between sitting, standing and walking while remaining on task at the workstation every 30 minutes. The claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, dangerous machinery and heights.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 13, 1968 and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the

> application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 30, 2019, the date the application was filed (20 CFR 416.920(g)).

## II. DISCUSSION

Plaintiff briefly[1] argues that anxiety, depression, and polysubstance abuse should have been found as severe. (ECF No. 13 at 1-2). Plaintiff argues the ALJ did not consider lack of education and effects of "limited ability to read and understand," pointing only to Plaintiff's eleventh grade education. (ECF No. 13 at 3). Plaintiff argues the ALJ did not consider her physical and mental limitations in combination. (ECF No. 13 at 3). Plaintiff argues the ALJ did not discuss sustaining a workweek in the RFC narrative; Plaintiff states the ALJ focused on Plaintiff's engineering degree

---

[1] *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument-even if its brief takes a passing shot at the issue.") (cleaned up). The court is not required to rummage through the administrative record to construct and present a well-supported position for the plaintiff. *See Hayes v. Self-Help Credit Union*, No. 1:13-cv-00880, 2014 WL 4198412, at *2 (M.D.N.C. Aug. 22, 2014)(noting that it is not the role or responsibility of the court to perform the research needed to support or rebut a perfunctory argument). The Fourth Circuit has stated that the courts "are not like pigs, hunting for truffles buried in briefs. Similarly, it is not our job to wade through the record and make arguments for either party." *Hensley v. Price*, 876 F.3d 573, 581 (4th Cir. 2017). Plaintiff's arguments are addressed nonetheless.

and the ALJ gave no mention of capacity to work in a warehouse, which was one of the jobs found.[2] (ECF No. 13 at 4). Defendant argues the ALJ applied the correct law and relied on substantial evidence in finding Plaintiff not disabled.

A.      **LEGAL FRAMEWORK**

   1.      **The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included

---

[2] It is readily apparent there is some mismatch in allegations and arguments in Plaintiff's brief compared to the specific claimant Celia Clark, as to this issue argued by Plaintiff. Plaintiff Celia Clark does not have an engineering degree and the jobs found by the VE as to the instant Plaintiff do not expressly require warehouse work. (ECF No. 13); (Tr. 31). Defendant notes this as well. (ECF No. 15 at 18).

in the Listings;[3] (4) whether such impairment prevents claimant from performing PRW;[4] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that

---

[3] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[4] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d

at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.    ANALYSIS**

<u>**Non-severe Impairments: Anxiety, Depression, Polysubstance Abuse**</u>

Plaintiff argues that anxiety, depression, and polysubstance abuse should have been found as severe. (ECF No. 13 at 1-2).

A severe impairment is defined by the regulations as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Plaintiff bears the burden of demonstrating that she has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, "'[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) (*quoting Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)). The severe impairment inquiry "is a de minimis screening device to dispose of groundless claims." *McCrea v. Comm'r*, 370 F.3d 357, 360 (3rd Cir. 2004) (citation omitted). A finding of a single severe impairment at step two of the sequential evaluation is enough to ensure that the factfinder will progress to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir.2008) ("[A]ny error here became harmless when

the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

The ALJ found Plaintiff's history of polysubstance abuse as non-severe:

> Although the record shows the claimant's CVA in September 2019 was likely related to her cocaine use (Ex. B2F), there is no evidence of ongoing cocaine use since then. The claimant, however, continues to drink one to two beers a week and is an everyday smoker (Ex. B9F/34-35). While the claimant's polysubstance use has certainly contributed to her present health problems, her functional limitations are the same both with and without consideration of that history and the B criteria are unaffected by it, as is her residual functional capacity. Therefore, the undersigned finds her polysubstance use is non-severe.

(Tr. 24). Plaintiff only cites to the hospital report at the time of Plaintiff's event, which stated cocaine use two days prior. (ECF No. 13 at 2). The record bears out the ALJ's notation that there was no evidence of ongoing cocaine use after the CVA event. The ALJ noted consideration that the RFC would be the same with and without consideration of substance history. (Tr. 24).

As to finding depression and anxiety as non-severe, the ALJ discussed Plaintiff's improvement from taking prescription medications instead of her report of previously self-treating with cocaine:

> In December 2019, the claimant reported having a "life long history" of anxiety and depression previously self-treated with cocaine and otherwise treated with medications including Xanax/Alprazolam around 2012. At that time, it appears Xanax 4mg was restarted with some but not substantial improvement. The dosage was increased and by April 2020, she reported doing significantly better. In June 2020, Elavil was added for her depression and by September 2020 was doing "very well." (Ex. B7F/7).
>
> Here, the record generally shows no serious deficits in long-term memory, short-term memory, insight, and judgment. The claimant was able to give a good history of her medical and mental health history to treating and examining practitioners. The claimant generally did not complain of serious problems with interpersonal interaction to treating practitioners. Progress notes throughout the period show normal cognitive, understanding, interpersonal skills, focus and mood (See, e.g., Ex.

> B5F/5, 29, 48, 66; B7F/8; B8F/180, 215). The claimant is able to live independently, drive, manage her money, perform some household chores including cooking, washing dishes, and doing laundry when physically able to do so, and manage her medical appointments, and her anxiety and depression are managed without need for mental health counseling or hospitalization. Further, the claimant was able to adapt to changes in that she was working part-time job after the alleged onset date, but quit due to back problems. (Ex. B1FB10F, Testimony). Thus, the undersigned finds the claimant has the following degree of limitations: mild restriction in understanding, remembering or applying information; mild difficulties in interacting with others; mild difficulties in maintaining concentration, persistence, or pace; and mild difficulties in adapting or managing oneself.
>
> Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere (20 CFR 416.920a(d)(1)).

(Tr. 25). Plaintiff asserts there is a "connection" between "untreated mental health conditions, lack of insurance, and return to cocaine abuse." (ECF No. 13 at 2). The record belies these assertions as Plaintiff received treatment for mental health impairments with improvement and Plaintiff did not return to using cocaine. Substantial evidence supports the ALJ's findings as to finding the above impairments as non-severe.

**Combination**

Plaintiff argues the ALJ did not consider her physical and mental limitations in combination. (ECF No. 13 at 3)

When a claimant has more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). (citations omitted). The ALJ is required to "adequately explain his or her evaluation of the combined effects of the impairments." *Id.* This court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*,

9

483 F.2d 773, 775 (4th Cir. 1972). Regulations require that an ALJ "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe," in determining the claimant's RFC. 20 C.F.R. § 416.945(e); *see also* SSR 96–8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' ").

A review of the ALJ's discussion of the evidence shows that Plaintiff's impairments were considered in combination. The ALJ discussed in the RFC narrative both her physical impairments and medications used and also medications used for depression and anxiety, with the ALJ noting as to mental impairments that Plaintiff did not see a counselor, had not been hospitalized for mental impairments, and reported sometimes having panic attacks once a month. (Tr. 27). The ALJ extensively discussed Plaintiff's severe physical impairments as well. (Tr. 26-30).

It is evident from the ALJ's discussion that the ALJ considered Plaintiff's various multiple ailments at the appropriate Steps. The ALJ's discussion and analysis, as a whole, is sufficient to demonstrate that he considered the Plaintiff's impairments in combination and is sufficient for the court to properly review the ALJ's conclusion on this issue. *See Thornsberry v. Astrue*, 2010 WL 146483, *5 (D.S.C. Jan. 12, 2010) and *Brown v. Astrue*, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012). The ALJ sufficiently addressed Plaintiff's combined impairments under the *Walker* standard and there is substantial evidence to support the ALJ's decision in this regard.

**RFC**

Plaintiff argues the ALJ did not discuss sustaining a workweek in the RFC narrative; Plaintiff states the ALJ focused on Plaintiff's engineering degree and the ALJ gave no mention of capacity to work in a warehouse, which was one of the jobs found. (ECF No. 13 at 4). The record before the

ALJ and the court belies Plaintiff's assertions about the ALJ focusing on an engineering degree or warehouse work being the jobs found at Step Five. (Tr. 30-31). Plaintiff asserts this case should be remanded for "a more thorough review" of Plaintiff's "physical ability to do manual labor." (ECF No. 13 at 4). In the reply brief, Plaintiff passingly argues back problems prevented her from working. (ECF No. 16 at 2).

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

The ALJ extensively discussed Plaintiff's records in support of finding a reduced light RFC, finding Plaintiff should never kneel, crouch, crawl, or climb ladders and giving Plaintiff an alternating positions accommodation. (Tr. 26-30). The ALJ noted after Plaintiff's CVA, no

rehabilitation therapy was needed and Plaintiff's exams were normal. (Tr. 27). Back imaging showed degenerative changes but no spondylolysis and back exams were normal. The ALJ discussed Dr. Bell's comprehensive consultative exam where Plaintiff had a normal exam and 5/5 strength with no neurological deficits. (Tr. 28). The ALJ found Plaintiff more restricted than the state agency non-examining consultants did. (Tr. 29).

The Court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence. The ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record. Even where there is evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. An RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)). The court does not reweigh the evidence. *See Johnson v. Saul*, No. 5:20-cv-47-KDW, 2021 WL 717250, at *10 (D.S.C. Feb. 24, 2021)("Even if the evidence highlighted by Plaintiff could support a different result, the court's role is not to second-guess the ALJ's findings.") Based upon the foregoing, substantial evidence supports the ALJ's RFC.

**<u>Education</u>**

Plaintiff argues lack of education and effects of "limited ability to read and understand" were not considered by the ALJ. (ECF No. 13 at 3). The ALJ found Plaintiff had a limited education. Plaintiff's arguments are based on Plaintiff only having been to the eleventh grade. (ECF No. 13 at 3). Plaintiff argues the ALJ did not consider the "actual effects of claimant's limited ability to read." Plaintiff does not cite to the record where Plaintiff has a "limited ability to read." The regulations

define illiteracy :

> (1) Illiteracy. Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. § 416.964(b)(1). "Most individuals who have completed at least <u>fourth grade</u> can read and write a simple message. We will generally find that an individual who completed fourth grade or more is able to read and write a simple message and is therefore <u>not illiterate</u>." SSR 20–01p. An eleventh grade education does not equate to illiteracy as asserted by Plaintiff. The ALJ noted in the findings that Plaintiff testified she could read and write. (Tr. 26-27). "We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 C.F.R. § 416.964. Plaintiff's argument is without merit. The ALJ's finding as to "limited education" is supported by substantial evidence.

### III. CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, she has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the court to enter a

judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

October 31, 2023
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge